UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE TUGGLE, | ) | CASE NO. 3:11 CV 467 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | ORDER ADOPTING |
| | ) | REPORT AND RECOMMENDATION |
| KEITH SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation (ECF #15) is hereby ADOPTED. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction for murder, felonious assault, voluntary manslaughter, and aggravated riot, all with gun specifications. The Petitioner alleges that his due process rights were violated (ECF #1). Magistrate Judge Baughman recommended that the Petition should be dismissed in part and denied in part. (ECF #12). The Petitioner timely filed his objections to the Magistrate's Report. (ECF #13).

    The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objections have been made. *See* FED. R. CIV. P. 72(b). The Court

finds Magistrate Judge Baughman's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate's Report and Recommendation.

Petitioner's federal habeas petition sets forth four grounds for relief. In his first ground for relief, Petitioner contends that the trial court violated his constitutional right to due process when it permitted the amendment of the indictment "to include allegations of co-conspirators not named by the Grand Jury in the indictment." However, no impermissible constructive amendment of the indictment occurred and, therefore, ground one is denied. In his second ground for relief, Petitioner contends that the trial court violated his right to confront an adverse witness by prohibiting that witness from authenticating cell phone records that Tuggle contends could have been used to impeach that witness. There is no basis, however, for finding that the Ohio decision here was fundamentally unfair. Ground two states a non-cognizable claim challenging a state-law evidentiary ruling and is, therefore, dismissed.

In his third ground for relief, Petitioner contends that his trial counsel was constitutionally ineffective for four reasons: (1) Counsel's failure to object to the purported improper amendment to the indictment more particularly addressed in ground one; (2) Counsel's failure to object to or request a limiting instruction as to alleged "opinion" testimony by Detective Allen; (3) Counsel's failure to call a proper authenticating witness so that Lawrence Glover could be impeached with his cell phone records - a claim rooted in the facts set forth in ground two; and, (4) Counsel's failure to assert a speedy trial violation. None of these allegations establish a violation of the two-prong *Strickland* analysis as set forth in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). As to Petitioner's first allegation of ineffectiveness, no impermissible constructive amendment occurred here and, therefore, counsel had no basis for an objection. As to Petitioner's second allegation, because the Court did not err in admitting Detective Allen's testimony, counsel did not have a duty to object to its admission. As to Petitioner's third allegation, Petitioner did not show the relevance of establishing that Glover, not Petitioner, had made the telephone call. In addition, there was further evidence of Petitioner's guilt which was sufficient to convict him, and thus any alleged mistake relating to the telephone call was harmless. As to Petitioner's fourth allegation, Petitioner's federal constitutional right to a speedy trial was not violated. Therefore, counsel was not ineffective for failing to raise a speedy trial claim. Ground three is denied.

In his fourth ground for relief, Petitioner contends that the trial court erred by not instructing the jury on the affirmative defense of self-defense. The evidence, however, did not establish all of the necessary elements of self-defense under clearly established federal law. Therefore, Petitioner had no right to have the jury instructed on self-defense. Ground four is denied.

The Magistrate's Report and Recommendation fully and correctly addresses all of the Petitioner's claims and the Petitioners objections are unwarranted. This Court, therefore, adopts the Magistrate's Report in its entirety. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

Petitioner's petition for habeas corpus is hereby DENIED IN PART AND DISMISSED IN PART. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 5, 2013